# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>SENGNGUEN KOULAVONGSA,<br><br>        Defendant. | Case No. 14cr221-MMA-9<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT AMENDED JUDGMENT**<br><br>[Doc. No. 571] |

On September 7, 2016, Defendant Sengnguen Koulavongsa pleaded guilty to Count One of a Superseding Indictment charging him with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. The Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 70 months. *See* Doc. No. 541. On July 19, 2019, Defendant filed a motion to correct the judgment pursuant to Federal Rule of Criminal Procedure 36, to accurately reflect the Court's oral pronouncement that he serve his federal and state sentences concurrently. *See* Doc. No. 568. The Court granted the motion by issuing an amended judgment to that effect. *See* Doc. No. 569. Defendant now moves the Court to issue a second amended judgment, reducing his term of imprisonment to approximately 62.5 months, or time served to date. *See* Doc. No. 571. For the reasons set forth below, the Court **DENIES** the motion.

# DISCUSSION

Defendant asserts that he should have been eligible for release on July 10, 2019. Defendant states that the "Bureau of Prisons declined to honor the Court's intent [as set forth in the amended judgment] and will not give Mr. Koulavongsa any credit for the time he spent in State custody." Def. Mot. at 1. As such, the Bureau of Prisons calculates Defendant's current release date to be July 29, 2021. Defendant requests that the Court issue a second amended judgment reducing his custodial term in order to effectuate the Court's original sentencing intent.

Notwithstanding the merit of Defendant's request, the Court is compelled to deny his motion. The Court may only amend or correct a judgment pursuant to Title 18, section 3582(c), or Federal Rules of Criminal Procedure 35 or 36, none of which are applicable in this case. Section 3582(c) does not apply because there is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Defendant's motion was filed beyond the fourteen-day period, and there is no allegation of arithmetical, technical, or other clear error. Rule 35(b) provides for a reduction of sentence upon motion of the government. Fed. R. Crim. P. 35(b). Here, there is no motion for a reduction of Defendant's sentence for substantial assistance.

Rule 36, upon which Defendant relies, provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. There is no such error here. The amended judgment accurately reflects the Court's intention that Defendant serve any state sentence concurrently with his federal sentence. In sum, the Court lacks the statutory authority to amend the judgment in this case a second time for the purpose of reducing Defendant's custodial term.

Defendant's challenge at this point goes to the execution of his sentence. The general rule is that the Bureau of Prisons has the authority to determine if a defendant is eligible for credit for time served in the custody prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Only after a defendant has exhausted his remedies through the Bureau of Prisons may he seek judicial review of the Bureau's calculation of the creditable time under 18 U.S.C. § 3585(b). *Id*. It is unclear whether Defendant has exhausted his remedies, but regardless, the instant motion is not the proper vehicle for relief and this is not the proper venue. A defendant seeking review of the Bureau's calculation must file a petition pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 771-72 (9th Cir. 1984). Any such petition must be filed in the district of Defendant's confinement, which currently appears to be the Central District of California based on Defendant's current housing location at FCI Victorville in Victorville, California. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion without prejudice to filing a petition pursuant to 28 U.S.C. § 2241 in the appropriate judicial district.

**IT IS SO ORDERED**.

DATE: August 30, 2019

HON. MICHAEL M. ANELLO
United States District Judge